IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE P. SCOTTI and | : | |
| DAWN M. SCOTTI, his wife | : | |
| 441 S. 9th St. | : | |
| North Wales, PA 19145 | : | |
| Plaintiffs | : | NO. |
| | : | |
| v. | : | |
| | : | |
| THE CONTI GROUP | : | JURY TRIAL DEMANDED |
| 2045 Lincoln Highway | : | |
| Edison, NJ 08817 | : | |
| South Plainfield, NJ 07080 | : | |
| Defendant | : | |

## COMPLAINT

**PARTIES:**

1.      Plaintiffs, Salvatore P. Scotti (hereinafter õPlaintiff Husbandö) and Dawn M.

Scott (hereinafter õPlaintiff Wifeö), are adult individuals, married to each other, with a principal

residence at 441 South 9th Street, North Wales, Montgomery County, Pennsylvania 19145.

2.      Defendant, The Conti Group, (hereinafter (Defendant Contiö), is a corporation

which regularly does business in the State of Pennsylvania, with a corporate headquarters at 2045

Lincoln Highway, Edison, New Jersey 08817.


**JURISDICTION AND VENUE:**

3.      Jurisdiction is pursuant to 28 U.S.C. §1332 in that plaintiff and defendant are

citizens of different states.

4.      Venue in proper in the Eastern District of Pennsylvania as the cause of action arose from a trip and fall accident which occurred in Bucks County, Pennsylvania.

**FACTS:**

5.      On or about November 17, 2008, Plaintiff Husband was an employee of A-Tech Concrete working at a job site in Morrisville, Pennsylvania.  Plaintiff Husband was a union mason on this job and a newly hired employee.

6.      It is believed and therefore averred that this job site was controlled by the Defendant Conti Group as the general contractor of the entire job.

7.      It is believed and therefore averred that Defendant Conti was at no point in time Plaintiff Husband's employer and never directed the plaintiff how he  performed his work.

8.      The Plaintiff Husband never reported to Defendant Conti and he took no direction from Defendant Conti or saw any evidence  Defendant Conti was in charge of the his work. Plaintiff Husband received all of his day-to-day direction for work from his employer, A-Tech.

9.      On or about November 16, 2008, it is believed and therefore averred that concrete was being tested by unknown inspectors of agents, servants and/or employees of Defendant Conti or one of its subcontractors.

10.      This concrete testing caused mounds of concrete to be poured on the street surface of the job site to then be tested for hardness.

11.      This testing of concrete caused this work site to become dangerous, cluttered and hazardous in that the concrete after it was tested was allowed to harden and remain on the road surface in approximately two feet by four feet blobs of concrete that resulted in trip hazards for employees.

2

12.     On or about November 17, 2008, plaintiff while in the course of his employment for A-Tech was required to guide fifteen foot, 200 pound bundles of reinforcement bar being moved by a backhoe from one location to another.

13.     In the course of guiding the õrebarö to the new location the plaintiff was required to walk backwards.  During this course of walking backwards guiding this bundle of rebar, the plaintifføs right foot came into contact with the aforesaid testing concrete blobs situated on the roadway which caused him to trip and fall, landing in a twisting fashion on his knee and outstretched right hand.

14.     It is believed and therefore averred that the subsequent job site clean up was conducted by the Defendant Conti and not by A-Tech.

15.     It is believed and therefore averred that there was no clean up done prior to the time that the Plaintiff Husband was forced to confront this dangerous condition.

## COUNT I

## PLAINTIFF, SALVATORE P. SCOTTI v. DEFENDANT, THE CONTI GROUP

## NEGLIGENCE

16.     Plaintiff incorporates by reference Paragraphs 1 through 15 as though fully set forth herein at length.

17.     It is believed and therefore averred that the Defendant Conti owed a duty of care to all who came on the premises or the work site to have a clean work site in accordance with federal and state safety guidelines.

18.     It is believed and therefore averred that the Defendant Conti breached its duty of care by failing to have a safe work place and adhering with all applicable regulations.

19.    It is believed and therefore averred that the Defendant Conti was negligent in the maintenance of the work site in that it did not properly supervise its employees, clean the work site, warn of danger or assure proper training of all subcontractor employees.

20.    As a direct and proximate result of the aforesaid, the Plaintiff Husband was forced to suffer severe and permanent injuries which includes severe shock to his muscles, tendons, ligaments, joints and nervous system which include more specifically carpal tunnel syndrome on the right, elbow injuries, knee injuries including a torn meniscus and other structures in his right knee that required surgery.

21.    As a direct and proximate result of the negligence of the Defendant aforesaid, the Plaintiff Husband was forced to undergo two surgeries, one for his carpal tunnel and the other to his right knee.

22.    As a direct and proximate result of the defendant's negligence, Plaintiff Husband was caused to suffer a loss of earnings and earning capacity; loss of seniority, loss of benefits, medical expense for medicines, treatment, surgery and therapy all to his great financial detriment and loss.

23.    The Plaintiff Husband has been forced to suffer in addition to the aforesaid losses, pain and suffering, emotional distress, disfigurement, loss of enjoyment of life's pleasures, embarrassment and humiliation and other non-economic injuries as the law allows.

WHEREFORE, Plaintiff, Salvatore P. Scotti, prays for judgment in his favor and against the defendant in an amount in excess of $150,000.00 plus interest and costs as the law may allow.

4

## COUNT II

## PLAINTIFF, DAWN M. SCOTTI v. DEFENDANT

## LOSS OF CONSORTIUM

24      Plaintiff incorporates by reference paragraphs 1 through 23 as though fully set forth herein at length.

25.     As a result of the Defendant's negligence and carelessness,  Plaintiff, Dawn M. Scotti, has been and continues to be  deprived of the assistance, society and consortium of her husband, Salvatore P. Scotti, all of which has been to her great loss and detriment.

26.     As a further result of the Defendant's negligence,  carelessness and recklessness, Plaintiff, Dawn M. Scotti,, has expended and  will expend various sums of money for medical attention in an  attempt to alleviate and cure the injuries of her husband, Salvatore P. Scotti,  all to her great financial loss.

WHEREFORE, Plaintiff, Dawn M. Scotti, prays for judgment in her favor and against Defendant, The Conti Group,  in an amount in excess of $150,000.00 plus interest and cots as the law may allow.

Respectfully submitted,

MURPHY, HASKINS AND DENGLER

/s/ Frank P. Murphy

By _____

Frank P. Murphy, Esquire ID# 25361
Attorney for plaintiffs
43 E. Marshall St.
Norristown, PA 19401
610-272-4222
fpm@fmurphylaw.com